[L. A. No. 9565. In Bank.—January 15, 1929.]

LACALUSA INVESTMENT COMPANY (a Corporation), Respondent, v. ARVILLA A. HESSE et al., Appellants.

Dan V. Noland, Randall J. Hood, Minor Moore and Chas. Mitschrich for Appellants.

William C. Jansen for Respondent.

PRESTON, J.—This appeal was submitted upon an order to show cause, the respondent having failed to present or file a brief. The trial court found that plaintiff, as a real estate broker, was entitled to recover from defendants the sum of $6,879.60 as a commission for services rendered by it as such broker, and gave judgment accordingly. Defendants appealing urge numerous assignments of error as ground for reversal of the judgment.

It appears that appellants, owners of a lot upon which they planned to erect an apartment house, extended to one Stroud, a man previously in their employ as a general helper in connection with another building being constructed by them, the privilege of securing offers from prospective lessees for said new building. In other words, appellants advised said Stroud of certain terms which they would re-

quire to be incorporated in any lease before it would have their approval and orally authorized him to obtain propositions from prospective lessees and to submit such propositions to them for approval or rejection. In the event of their approval of any proposition, they were to pay said Stroud a commission for his services. Thereafter, said Stroud met and negotiated with Mr. Graf, the president of respondent corporation. As a result of these negotiations, said Stroud, through Mr. Graf, procured the signature of one Ida M. Theurer to a lease prepared by Mr. Graf and witnessed by him and also by said Stroud. Mrs. Theurer also deposited with Mr. Graf $9,555 to cover the five months' rental in advance required by the provisions of said lease, which was to be for a term of ten years.

Appellants refused to accept this proposition. They never signed the lease nor approved it, nor did said deposit ever leave the hands of Mr. Graf. On the contrary, at about the same time, and likewise through negotiations conducted by said Stroud, appellants approved and executed an agreement to lease the property to another party at a slightly higher rental. Thereafter, contending that it earned a commission in securing the signature of Mrs. Theurer to said lease and in procuring said deposit from her, respondent instituted this action, which resulted in a judgment in its favor as aforesaid.

We find that the record substantiates the contentions of appellants, to wit: That there is no evidence of any agency of respondent for appellants; that there is no evidence of the employment of respondent by appellants as a real estate broker or in any other capacity; that there is no evidence that respondent rendered services of any kind at the instance of appellants or that appellants became indebted to respondent or that said Stroud had actual or ostensible authority, as the agent of appellants, to either make a lease or to employ another agent to do so.

There is no convincing evidence of any direct contract, agreement, covenant, written or oral, or of any transaction of any kind whatsoever between appellants and respondent. Taking at its full value the testimony offered by the witnesses for respondent, among whom were its representative, Mr. Graf, his secretary and said prospective lessee, its substance, as a basis for upholding the findings and judgment

herein, is that in addition to the facts as above detailed, Mr. Graf testified that prior to rejection of the offer, he had a conversation with appellant Arthur T. Hesse, which conversation is denied by said appellant, in the course of which the latter remarked that Mr. Stroud was handling his business and whatever Mr. Stroud did was satisfactory to him. This evidence will not support a holding that appellants employed respondent or agreed to pay it the commission in question or ratified the lease submitted to them by said Stroud. The lease itself executed by Mrs. Theurer, which had the written approval of said Stroud, was, of course, not binding upon appellants, as Stroud had no written authority to so execute it as the agent of appellants (sec. 1624, subd. 5, Civ. Code).

We are compelled to conclude that respondent was fully aware of the limitation placed upon the authority of Stroud; that Stroud, who did not hold a license himself, was not authorized by appellants to secure the services of a licensed broker, but was merely authorized orally by appellants, if he so chose, to negotiate directly with prospective lessees and to secure from them, and submit to appellants for approval or rejection, offers or propositions to lease and that appellants had it within their power to reject the offer procured through respondent, with whom they had had no dealings and to whom they were under no obligation.

These views make it unnecessary to discuss all of the numerous points urged by appellants.

The judgment is reversed.

Curtis, J., Shenk, J., Seawell, J., Richards, J., Langdon, J., and Waste, C. J., concurred.